UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CROWN CASTLE FIBER LLC,

                            Plaintiff,

-against-

TOWN OF OYSTER BAY, TOWN OF OYSTER BAY
TOWN BOARD, TOWN OF OYSTER BAY ZONING
BOARD OF APPEALS, ELIZABETH MACCARRONE,
*in her official capacity as Commissioner of the Town of
Oyster Bay Department of Planning and Development*,
and RICHARD LENZ, *in his official Capacity as
Commissioner of the Town of Oyster Bay Highway
Department and Department of Public Works*,

                            Defendants.
-------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
21-CV-06305 (JMA) (JMW)

**FILED
CLERK**

8:23 am, Mar 13, 2024

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff Crown Castle Fiber LLC brought this action against Defendants Town of Oyster Bay; Town of Oyster Bay Town Board; the Town of Oyster Bay Zoning Board of Appeals; Elizabeth Maccrone, in her official capacity as Commissioner of the Town's Department of Planning and Development; and Richard Lenz, in his official Capacity as Commissioner of the Town's Highway Department and Department of Public Works, for violations of Sections 253 and 332 of the Federal Communications Act of 1934, as amended by the Telecommunications Act of 1996. (See Compl., ECF No. 1). The Court presumes familiarity with the background of this case.

Presently before the Court is Plaintiff's motion for summary judgment. (ECF No. 29.) In a Report and Recommendation issued on January 19, 2024 (the "R&R"), Magistrate Judge James M. Wicks recommended that (1) the Town Board and ZBA be dismissed because they are non-suable entities, and (2) Plaintiff's summary judgment motion otherwise be granted.[1] (ECF No. 32.) After receiving an extension of time to do so (see Jan. 31, 2024, Order), Defendants filed

---

[1] Capitalized terms not defined in this Memorandum and Order have the meaning assigned to them in the R&R.

objections to the R&R and Plaintiff responded to those objections. (ECF Nos. 34-35).

## I.    LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see FED. R. CIV. P. 72(b)(3) (similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Additionally, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186-87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)); see Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (explaining that such arguments "may not be deemed objections at all" (internal quotation marks omitted)).

In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Relatedly, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks

omitted); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).

## II. DISCUSSION

### A. Dismissal of the Town Board and ZBA

Judge Wicks recommended that the Town Board and ZBA be dismissed because those entities lack the capacity to be sued. (See ECF No. 32 at 2 n.1). The parties do not object to that recommendation. (See generally ECF Nos. 34-35.) The Court thus reviews that recommendation for clear error, see, e.g., Pall Corp., 249 F.R.D. at 51, and finds none. Accordingly, the Town Board and ZBA are dismissed.[2]

### B. Summary Judgment for Plaintiff

Judge Wicks recommended granting summary judgment in favor of Plaintiff for all three of its claims. First, the Town's denial of Plaintiff's applications to install twenty-three SWFs in the ROW is "not supported by substantial evidence on record" in violation of TCA Section 332(c)(7)(B)(iii). (ECF No. 32 at 35-49). Second, that denial "effectively prohibited Crown Castle's provision of wireless services in and around the Town" in violation of TCA Section 332(c)(7)(B)(i)(II). (Id. at 49-54 (internal quotation marks omitted)). Third, the application criteria and fees imposed under Ch. 242 effectively prohibit the provision of telecommunications services in violation of TCA Section 253(a). (See id. at 55-64.)

Defendants "acknowledge the R&R's comprehensive references to the factual background of this matter and the detailed summary of the parties' contentions" and concede that the R&R is "well-reasoned." (ECF No. 34 at 1.) Nonetheless, they object to the R&R's recommendation on the first claim insofar as its underlying analysis discussed "the aesthetic impact" of Plaintiff's

---

[2] A de novo review of that that recommendation would yield the same result. See, e.g., Highview Props. D.H.F. Inc. v. Town of Monroe, 606 F. Supp. 3d 5, 26 (S.D.N.Y. 2022) (dismissing claims against town board because an agency of a New York municipality is not suable); Cunney v. Bd. of Trs. of Grand View, 56 F. Supp. 3d 470, 489 (S.D.N.Y. 2014) (dismissing claims against zoning board of appeals under the same principle).

proposed SWFs. (Id. at 1-5.) Defendants also object to the R&R's recommendation on the second claim. (Id. at 1, 5-6). The Court addresses these objections and the balance of the R&R in turn.

### 1. Defendants' First Objection

The R&R concluded that (among other things) "the ZBA's decision that the installation of the proposed SWFs would have a negative aesthetic impact on the area of the proposed nodes is not supported by substantial evidence."[3] (ECF No. 32 at 45.) Defendants contend that Judge Wicks erred by "fail[ing] to acknowledge and consider" the deference reportedly owed to local governments' aesthetic considerations under City of Portland v. United States, 969 F.3d 1020, 1033 (9th Cir. 2020). (ECF No. 34 at 2-4.)

In briefing its summary judgment motion, Plaintiff contended that (among other things) there was insufficient evidence to deny the Applications on aesthetic grounds. (See ECF No. 29-2 at 12-17). Defendants did not respond to those contentions. Instead, Defendants' arguments regarding sufficiency of evidence asserted only that there was sufficient evidence to conclude that no service gap existed. (See ECF No. 30 at 2-8; see also id. at 8 ("Plaintiff's motion is replete with references to . . . the aesthetics of the proposed facilities, as if aesthetics might somehow camouflage the fact that Plaintiff did not satisfy its burden of showing a gap in service.").) Defendants cannot now argue for the first time—when the argument could have been made in their opposition—that summary judgment against them should be denied as to Plaintiff's first claim

---

[3] In reaching that conclusion, Judge Wicks considered the following. First, Plaintiff submitted the Doon Report, which demonstrated that the proposed SWFs conform with the Town Code requirements, and that the SWFs would not result in significant aesthetic or visual impacts or alter the residential land use setting in an around the Town. (ECF No. 32 at 43.) Second, Plaintiff repeatedly endeavored to address the Town's concerns regarding the design and proposed locations of the SWFs, including by: eliminating one proposed SWF, relocating three proposed SWFs, reducing the height of the supporting poles by fifteen feet for consistency with utility poles; and adjusting the design and location of several proposed SWFs to reduce potential effects on neighboring residential uses. (Id.) Third, Defendants' argument as to the SWFs' aesthetic impact on the "residential character of the area" relied upon "impassioned commentary" from ZBA members and Town residents that lacked the requisite supporting "empirical data or expert testimony" needed to counter Plaintiff's evidence. (Id. at 44-45 (internal quotation marks omitted).

because sufficient evidence existed to deny the Applications on aesthetic grounds.[4]  See, e.g., Fossil Grp., Inc., 627 F. Supp. 3d at 190; Gladden, 394 F. Supp. 3d at 480; Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 51-52 (E.D.N.Y. 2015).

### 2. Defendants' Second Objection

As noted above, the R&R concluded that (among other things) the "ZBA's denial effectively prohibited Crown Castle's provision of wireless services in and around the Town" in violation of TCA Section 332(c)(7)(B)(i)(II).  (ECF No. 32 at 54 (internal quotation marks omitted).)  Defendants contend that Judge Wicks erred to the extent he recommended that the Court authorize Plaintiff to install certain SWFs outside the five-mile service gap area because, according to Defendants, those SWFs are unnecessary.  (See ECF No. 34 at 5-6.)  After conducting a de novo review of the full record and applicable law, the Court agrees with Judge Wicks that Plaintiff advanced the least intrusive means of closing the coverage gap.[5]  (See ECF No. 32 at 49-50 (reaching that conclusion); id. at 42-49 (explaining why Plaintiff's Applications provided the least intrusive means of closing the coverage gap).)

---

[4]  The Court would reject Defendants' objection even upon de novo review.  The pertinent portion of the Ninth Circuit's City of Portland decision concerned whether local governments prohibit service in violation of TCA Sections 253(a) and 332(c)(7)(b)(i) by denying relevant applications based on subjective aesthetic considerations.  See 969 F.3d at 1033, 1039-43.  That analysis did not concern whether substantial evidence exists under TCA Section 332(c)(7)(B)(iii) to support denying relevant applications for aesthetic reasons.  Moreover, the Court agrees with Judge Wicks, on the merits, that "the ZBA's decision that the installation of the proposed SWFs would have a negative aesthetic impact on the area of the proposed nodes is not supported by substantial evidence."  (ECF No. 32 at 45.)

[5]  Defendants rely on Crown Castle NG East LLC v. Town of Hempstead, 2018 WL 6605857 (E.D.N.Y. Dec. 17, 2018) to contest this conclusion.  (See ECF No. 34 at 5-6.)  At the same time, however, Defendants concede that the R&R "comprehensively analyzed" Town of Hempstead. (ECF No. 34 at 5.)  More importantly, the undersigned concludes that case does not compel a contrary result here for the reasons Judge Wicks identified in the R&R.  (ECF No. 32 at 52-54.)

### 3. The Balance of the R&R

Given the lack of further objections, the Court reviews the balance of the R&R's analysis as to Plaintiff's entitlement to summary judgment for clear error. See, e.g., Pall Corp., 249 F.R.D. at 51. The Court finds no clear error therein.

### III. CONCLUSION

The Court agrees with and adopts Judge Wicks's analysis and recommendations set forth in the thorough and well-reasoned R&R. Accordingly, the Town Board and ZBA are DISMISSED and Plaintiff's motion for summary judgment is GRANTED.

The parties shall provide a joint status report by **March 26, 2024** regarding what issues, if any, they contend remain in this litigation.

**SO ORDERED.**

Dated:  March 13, 2024
        Central Islip, New York

                                        (/s/ JMA)
                                    JOAN M. AZRACK
                            UNITED STATES DISTRICT JUDGE