FILED
CLERK
5:04 pm, Mar 28, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

CROWN CASTLE FIBER LLC,

                               Plaintiff,

                           -against-

TOWN OF OYSTER BAY, ELIZABETH MACCARONE in her official capacity as Commissioner of the Town of Oyster Bay Department of Planning and Development and RICHARD LENZ in his official capacity as Commissioner of the Town of Oyster Bay Highway Department and Department of Public Works,

                               Defendants.

-----------------------------------------------------------------------------x

21-cv-6305 (JMA) (JMW)

## [~~PROPOSED~~] JUDGMENT

      WHEREAS Plaintiff Crown Castle Fiber LLC ("Crown Castle") commenced this action on November 12, 2021 by filing its Complaint against, *inter alia*, defendants the Town of Oyster Bay, the Town of Oyster Bay Town Board, the Town of Oyster Bay Zoning Board of Appeals, Elizabeth Maccarone, in her official capacity as Commissioner of the Town of Oyster Bay Department of Planning and Development, and Richard Lenz, in his official capacity as Commissioner of the Town of Oyster Bay Highway Department and Department of Public Works (collectively, "Defendants" or the "Town").

      WHEREAS Crown Castle asserted causes of action against Defendants for violations of Sections 332(c)(7)(B)(iii), 332(c)(7)(B)(i)(II), and 253(a) of the Telecommunications Act of 1996 (the "TCA"), arising out of Defendants': (1) denial of Crown Castle's request to install twenty-three (23) small wireless telecommunications facilities (the "SWFs") in the Town's public rights-of-way ("ROW") (the "Applications"); and (2) imposition of unreasonable, excessive, and prohibitive escrow charges, application fees, and permit fees upon Crown Castle.

1

WHEREAS on March 10, 2023, Plaintiff filed its fully briefed motion for summary judgment seeking the entry of an order granting summary judgment in favor of Crown Castle on each of its three claims and directing the Town to immediately issue all approvals and permits necessary for the installation of its SWFs in the ROW without the imposition of any further fees, and requiring the disgorgement and return of $189,950.00 in excess fees, plus interest from September 24, 2020.

WHEREAS on October 18, 2023, this Court respectfully referred the fully briefed motion to Magistrate Judge James M. Wicks for a Report and Recommendation.

WHEREAS on January 19, 2024, Magistrate Judge Wicks entered a Report and Recommendation recommending that summary judgment be granted in favor of Crown Castle on each of its claims based upon, *inter alia*, the foregoing findings:

- The Town's denial of the Applications was not supported by substantial evidence in the written record in violation of Section 332(c)(7)(B)(iii) of the TCA;
- The Town's denial of the Application effectively prohibited Crown Castle's provision of wireless services in and around the Town in violation of Section 332(c)(7)(B)(i)(II) of the TCA;
- Chapter 242 of the Town Code materially inhibits or limits the ability of telecommunications providers like Crown Castle to compete in a fair and balanced legal and regulatory environment, and, therefore, has the effect of prohibiting the provisions of telecommunications services in violation of Section 253(a) of the TCA;
- The Town's imposition of application fees (totaling $14,950.00) and escrow fees for Richard Comi of CMS (totaling $195,500) are unreasonable and effectively prohibit the provision of wireless services in violation of 253(a) because such fees exceed the

FCC's presumptively reasonable limit for which local fees would not effectively prohibit the provision of wireless services by $189,950.00[1] and the Town failed to put forth any evidence to rebut the presumption (i.e., demonstrate that the fees imposed by the Town were reasonable).

WHEREAS Defendants filed Objections to the Report and Recommendation on February 16, 2024 and Crown Castle filed its Response to Defendants' Objections on March 1, 2024.

WHEREAS on March 13, 2024, this Court entered a Memorandum & Order adopting Magistrate "Judge Wick's analysis and recommendations set forth in the thorough and well-reasoned [Report and Recommendation]" and granting Crown Castle's motion for summary judgment.

WHEREAS on March 18, 2024, the parties filed a joint status report advising the Court that the only remaining issue in this litigation is the entry of a judgment against Defendants for the relief requested by Crown Castle. Specifically, ordering: (1) that Defendants immediately, and in no event more than thirty (30) calendar days from the entry of the judgment, issue to Crown Castle all building permits and any other approvals and permits required for the installation and operation of its small wireless facilities in the Town's public rights of way without the imposition of any further requirements or fees; and (2) the disgorgement and return, from Defendants to Crown Castle, of $189,950.00 in excess fees, plus 9% interest from September 24, 2020, within thirty calendar (30) days from the entry of the judgment."

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

---

[1] Pursuant to the FCC's Declaratory Ruling and Third Report and Order, the presumptively reasonable limit for the Application is $20,500.00. *See Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Inv.*, 33 F.C.C.R. 9088 ¶ 79 (2018) ("$500 for non-recurring fees, including a single up-front application that includes up to five [SWFs], with an additional $100 for each [SWF] beyond five, or $1,000 for non-recurring fees for a new pole (*i.e.*, not a collocation) intended to support one or more [SWFs]").

3

Defendants shall immediately, and in no event more than thirty (30) calendar days from the entry of this Judgment, issue to Crown Castle all building permits and any other approvals and permits required for the installation and operation of its small wireless facilities in the Town's public rights of way without the imposition of any further requirements or fees.

    IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff shall have judgment against the Defendants in the principal sum of $189,950.00, with interest at a rate of nine (9) per cent per annum from September 24, 2020 through the date of the entry of this Judgment, which is calculated as $67,711.00, for a total sum of $257,661.00, which Defendants shall pay to Plaintiff within thirty (30) calendar days from the entry of this Judgment.

Dated: March 28, 2024
       Central Islip, New York

(/s/ JMA)
_____
**Hon. Joan M. Azrack**
**United States District Judge**